HOWARD W. BRILL, Chief Justice, concurring. I join the majority opinion that the impartiality of the circuit judge might be reasonably questioned and that the case should be remanded for a new trial. I write separately to expand on the language in Rule 2.11 of the Arkansas Code of Judicial Conduct. That disqualification provision of the code mandates that a judge recuse when the judge “previously presided as a judge over the matter in another court.” Ark. Code Jud. Conduct R. 2.11(A)(6)(d). The “matter” at issue here, which resulted in a dependency-neglect proceeding and a criminal case, is the alleged physical abuse Iflpf Ferguson’s adopted child. All parties agree that the word “matter” is not defined in the Arkansas Code of Judicial Conduct, and the issue presented here is one of first impression. A comparable rule provides guidance. Rule 1.11(e) of the Arkansas Rules of Professional Conduct, which governs disqualification- of lawyers when moving between private practice and governmental service, defines a “matter” as “any judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, investigation, charge, accusation, arrest or other particular matter -involving a specific party or parties.” Ark. R, Profl Conduct 1.11(e)(1). Further, the commentary to Rule 1.11(e) states that “[i]n determining whether two particular matters are the same, the lawyer should consider the extent to which the matters involve the same basic facts, the same or related parties, and the time elapsed.” Ark. R. Profl Conduct 1.11(3), cmt. 10. The term “matter” also appears in Rule 1.9 of the Arkansas Rules of Professional Conduct, which governs the duties of an attorney to a former client. Its commentary states that “the scope of a ‘matter’ for purposes of this Rule depends on the facts of a particular situation or transaction.” Ark. R. Profl Conduct 1.9, cmt. 2. Further, Black’s Law Dictionary defines “matter” in pertinent part as “[a] subject under consideration, especially involving a dispute or litigation ... Something that is to be tried or proven; an allegation forming the basis of a claim or defense,” Black’s Law Dictionary 1126 (10th ed. 2014). Admittedly, in my review of these rules, the standards governing lawyers and judges arise from different bodies of law and have different objectives. However, I find it instructive | inthat the term “matter” in these rules focuses on the same basic facts, the specific party, the brief time between the two proceedings, and similar factors. Although judges are the court and lawyers are officers of the court, the expectations placed on judges are higher than those placed on lawyers. Articulated in Canon 1 of the Arkansas Code of Judicial Conduct is the principle that judges are expressly subject to the appearance of impropriety standard. See Ark. Code Jud. Conduct R. 1.2. In this case, Judge Elmore’s presiding over the dependency-neglect proceeding and the criminal case implicates Rule 2.11’s prohibition against a judge presiding over a case where he or she has presided over the “matter” in'another court. Dependency-neglect proceedings are tried under the State’s juvenile code in juvenile court while felonies are tried under the criminal code on the criminal docket in circuit court. It is not, as the State argues, analogous to a circuit judge presiding over a substantive criminal matter and a postcon-viction proceeding. The matter in the former is the substantive criminal charges; in the latter, it is the effective assistance of the petitioner’s trial counsel. Here, the standard of proof between the two proceedings is different, and the focus in the dependency-neglect proceeding is more on the child. However, the evidence was the same, and the witnesses were, in large part, the same. I also note that the disqualifying element present in this case is waivable by the parties and their lawyers. Rule 2.11(C) authorizes a three-step procedure. First, the judge determines that although he or she is subject to disqualification for anything other than actual bias or prejudice, he or she is able to decide the issue impartially. Second, the judge discloses | non the record the basis for the judge’s disqualification. Third, the parties, outside the presence of the judge and court personnel, may waive disqualification, which is then entered on the court record. In conclusion, I concur with the majority opinion because the circuit judge’s impartiality might bé reasonably questioned in a case such as this one.